**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LONG GREEN ENTERPRISES, INC.,**

        **Plaintiff,**

**-vs-**                                      **Case No.  6:05-cv-735-Orl-22DAB**

**H. J. EXECUTIVE, L.C.,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS (Doc. No. 20)**
>
> **FILED:** September 27, 2005
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff sued Defendant for breach of contract, constructive eviction, and related claims arising out of an inducement to enter a long-term lease to open a restaurant at Defendant's property, at that time a Holiday Inn. Plaintiff's theory of the case is that Defendant's officers advised Plaintiff that the existing restaurant was struggling financially, unable to pay rent, and in danger of being shut down by the health department due to violations. Defendant also allegedly told Plaintiff that if the hotel did not have an operating restaurant, then Defendant would be in violation of the franchise agreement.

Plaintiff took over tenancy of the restaurant in the hotel property in late 2003 or early 2004, and occupied the premises until October 2004, when Defendant changed the locks and blocked Plaintiff's access.

Plaintiff served ten Requests for Production, and Defendant in responding eventually limited its objections to Request Number Two through Eight.  In Defendant's response to the Motion to Compel, it amends its responses to Requests Three, Four and Seven that it has no responsive documents.  *See* Doc. No. 24 ¶ 2, 3, 6.  In addition, Defendant has agreed to investigate whether Defendant possesses any documents responsive to Request Number Six.  The only Requests still in dispute are Numbers Two, Five, and Eight, to which Defendant still maintains the objection that the Requests are overbroad and irrelevant.

In Requests Number Two, Five, and Eight, Plaintiff seeks documents from January 1, 2002 to present for three categories of documents: correspondence between Defendant and the franchisor (Holiday Inn) regarding the restaurant (Two); written communications between Defendant and the restaurant tenant (Five); and leases for the restaurant and banquet facilities (Eight).

The scope of discovery allowed under Rule 34 is provided for in Federal Rule of Civil Procedure 26(b)(1).  Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. Pro. 26(b)(1).  Plaintiff seeks documents for the time period two years prior and during the time it occupied the restaurant, which is relevant. The discovery sought by Plaintiff is reasonably calculated to lead to the discovery of admissible evidence related to Plaintiff's claims, particularly as it relates to the inducement to enter

a long-term lease succeeding the allegedly failing restaurant tenant that it replaced.  Defendant's objections are overruled and Defendant is **ORDERED** to produce to Plaintiff the documents responsive to Requests Number Two, Five, and Eight within 11 days of the date of this Order.

**DONE** and **ORDERED** in Orlando, Florida on October 19, 2005.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record